THE PEOPLE OF THE STATE OF NEW YORK ex rel. STANLEY LEWANDOWSKI, Relator, *v.* DIVISION OF PAROLE, Respondent.

Supreme Court, New York County, February 26, 1931.

*Salvatore J. Iannucci,* for the relator.

*John J. Bennett, Attorney-General [Charles A. Schneider, Deputy Assistant Attorney-General],* for the respondent.

LEVY, J. Relator seeks his liberty through the writ of habeas corpus from detention at the city prison by the Division of Parole. On May 24, 1926, he was convicted of robbery in the third degree and committed to Elmira Reformatory. On October 17, 1927,

he was released on parole by the board of visitors (now known as the board of managers). His conduct while on parole was so exemplary that in accordance with the recommendation of the superintendent of the reformatory, the board of managers on October 20, 1928, " formally and finally releases from its control " and " justly commends the general conduct " of the relator. On August 27, 1930, the relator was found guilty of maintaining a disorderly house and was sentenced to six months in the work-house. Upon the expiration of his sentence he was surrendered to respondent pending transfer to Elmira, the basis for the right to return him to the reformatory being that he violated his parole, and was, therefore, liable to serve his maximum sentence under the original conviction. Relator, however, urges upon this application that by reason of his absolute discharge in 1928, he could not be said to have violated his parole in committing a crime subsequent to that date.

The Deputy Assistant Attorney-General with commendable fairness and ability analyzes the legal situation presented in a very helpful memorandum, and submits no other return to the writ in behalf of the respondent. A consideration of all the data leads me to the following conclusions: Under section 304 of the Prison Law,* the board of managers undoubtedly had authority to grant to a prisoner on parole an absolute discharge. Such authority is not affected by section 220 of the Prison Law,† added by chapter 485 of the Laws of 1928, and in effect July 1, 1928. True it is that section abolished conditional and absolute discharge from parole, but it applies only to those released from State prisons. Obviously, therefore, it left unaffected the authority of the board of managers of Elmira Reformatory to act in the matter in October, 1928. The very legislative purpose in creating reformatories to which youthful offenders can be committed to be taught how to mend their ways and ultimately become useful members of society, seems to confirm the view that it was not intended, as regards such offenders, to abolish the system of discharge from parole as an inducement to reformation.

Of course, it is to be deprecated that the confidence reposed in the relator by the reformatory authorities was not vindicated by his subsequent conduct. His second crime would cause it to appear that effort at reformation was not at all successful. At the same time, as pure matter of law, the court is obliged to find that *the relator was lawfully paroled under section 300 of the Prison Law*; ‡ he was legally discharged from control by the reforma-

---

* Now Correction Law, § 304.   † Now Correction Law, § 220.
‡ Now Correction Law, § 300.

tory authorities in 1928. Such discharge constituted a recognition that he had fully expiated his crime. His detention for that offense, by reason of his commission of a subsequent misdemeanor, must, therefore, be held to be unlawful.

The writ is sustained and the prisoner discharged. Settle order on one day's notice.